UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT VAMIRO, | ) | 1:10-cv-02291-AWI-JLT HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS TO |
| | ) | GRANT RESPONDENT'S MOTION TO |
| v. | ) | DISMISS THE PETITION (Doc. 12) |
| | ) | |
| | ) | ORDER DIRECTING THAT OBJECTIONS |
| K. ALLISON, Warden, | ) | BE FILED WITHIN TWENTY DAYS |
| | ) | |
| Respondent. | ) | |
|  | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On November 22, 2010, Petitioner filed the instant petition for writ of habeas corpus. (Doc. 1). On February 25, 2011, Respondent filed the instant motion to dismiss, contending that the petition fails to allege grounds upon which federal habeas relief can be granted. (Doc. 12). To date, Petitioner has not filed an opposition to the motion to dismiss.

Petitioner challenges the California court decisions upholding a May 21, 2009, decision of the California Board of Parole Hearings ("BPH"). Petitioner claims the California courts unreasonably determined that there was some evidence that he posed a current risk of danger to the public if released on parole and that the BPH's decision was arbitrary and was not based on "some evidence" in the record.

I.  Procedural Grounds for Motion to Dismiss

As mentioned, Respondent has filed a motion to dismiss the petition as failing to state a claim upon which habeas corpus relief can be granted.  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a Respondent can file a Motion to Dismiss after the Court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss contends that the petition fails to state a claim upon which habeas relief can be granted.  Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal Answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.  Failure to State a Claim Cognizable Under Federal Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on November 22, 2010, and thus, it is subject to the provisions of the AEDPA.

Here, Petitioner alleges that he is an inmate of the California Department of Corrections and Rehabilitation who is serving a sentence of seven years-to-life imposed in the Los Angeles County

Superior Court after Petitioner's 1996 conviction for kidnapping for robbery and a weapon enhancement. (Doc. 1, p. 1). Petitioner does not challenge either his conviction or sentence; rather, Petitioner challenges the May 21, 2009 decision of the BPH finding him unsuitable for parole.

Petitioner raises a single ground for relief, i.e., that the state courts made an unreasonable determination of the facts in light of the actual record by concluding that the BPH's decision was supported by "some evidence." (Doc. 1, pp. 7-11).

### A. Substantive Due Process Claims And California's "Some Evidence" Standard

As discussed more fully below, the claims in the petition are not cognizable in federal habeas corpus proceedings.

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §§ 2254(a)(, 2241( c)(3); Williams v. Taylor, 529 U.S. 362, 375 n. 7, 120 S.Ct. 1495 (2000); Wilson v. Corcoran, 562 U.S. ___, 131 S.Ct. 13, 16 (2010); see also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

Because California's statutory parole scheme guarantees that prisoners will not be denied parole absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals has held that California law creates a liberty interest in parole that may be enforced under the Due Process Clause. Hayward v. Marshall, 602 F.3d 546, 561-563 (9th Cir.2010); Pearson v. Muntz, 606 F.3d

606, 608-609 (9th Cir. 2010); Cooke v. Solis, 606 F.3d 1206, 1213 (2010), *rev'd*, Swarthout v. Cooke, ___ U.S.___, ___ S.Ct. ___, 2011 WL 197627 (Jan. 24, 2011).  The Ninth Circuit instructed reviewing federal district courts to determine whether California's application of California's "some evidence" rule was unreasonable or was based on an unreasonable determination of the facts in light of the evidence.  Hayward v. Marshall. 603 F.3d at 563; Pearson v. Muntz, 606 F.3d at 608.

On January 24, 2011, the Supreme Court issued a *per curiam* opinion in Swarthout v. Cooke, 562 U.S.___, ___ S.Ct. ___, 2011 WL 197627 (No. 10-133, Jan. 24, 2011).  In that decision, the United States Supreme Court characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment's Due Process Clause, which in turn requires fair procedures with respect to the liberty interest.  Swarthout, 2011 WL 197627, *2.

However, the procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12, 99 S.Ct. 2100 (1979).[1]  Swarthout v. Cooke, 2011 WL 197627, *2.  In Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole.  In doing so, the High Court stated as follows:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. (Citation omitted.)  When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication–and federal courts will review the application of those constitutionally required procedures.  In the context of parole, we have held that the procedures requires are minimal.  In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. (Citation omitted.)

Swarthout, 2011 WL 197627, *2.

The Court concluded that the petitioners had received the due process to which they were due:

> They were allowed to speak at their parole hearings and to contest the evidence against them,

---

[1] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole and that due process is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made.  Id. at 15-16.  The decision maker is not required to state the evidence relied upon in coming to the decision.  Id.

were afforded access to their records in advance, and were notified as to the reasons why parole was denied...

That should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process.

Swarthout, 2011 WL 197627, *3.  The Court went on to expressly point out that California's "some evidence" rule is not a substantive federal requirement, and correct application of the State's "some evidence" standard is not required by the federal Due Process Clause.  Id. at *3.  The Supreme Court emphasized that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business."  Id.

Swarthout forecloses any claim premised upon California's "some evidence" rule because this Court cannot entertain substantive due process claims related to a state's application of its own laws.  Here, the claims in the petition sound exclusively in the very types of substantive due process claims that are foreclosed by Swarthout.  Review of the record for "some evidence," or for a "nexus" between present dangerousness and certain indicia, or for the BPH's reliance upon the unchanging circumstances of the commitment offense to support denial of parole, are inquiries that simply are not within the scope of this Court's habeas review under 28 U.S.C. § 2254.  Accordingly, the motion to dismiss should be granted and the habeas corpus petition should be summarily dismissed.

Moreover, to the extent that the claims in the petition rest solely on state law, they are not cognizable on federal habeas corpus.  Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation.  Wilson v. Corcoran, 562 U.S. ___, 131 S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475 (1991).  Alleged errors in the application of state law are not cognizable in federal habeas corpus.  Souch v. Schiavo, 289 F.3d 616, 623 (9th Cir. 2002).  Indeed, federal courts are bound by state court rulings on questions of state law.  Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989).

   B.   Procedural Due Process

Petitioner has neither claimed nor established a violation of his federal right to procedural due process.  Petitioner has included a transcript of the BPH hearing.  (Doc. 1, p. 31 et seq.).  From that transcript, it is clear that Petitioner was present at the BPH hearing (id., p. 31), that he had an

U.S. District Court
E. D. California

5

1  opportunity to be heard (e.g., id., pp. 48-64; 72-93), that he was represented by counsel, John Willy
2  Osugi, who also attended the hearing and argued on Petitioner's behalf (e.g., id., pp. 96-98), and that
3  Petitioner received a statement of the Board's reasons for denying parole. (Id., pp. 100-115).
4      According to the Supreme Court, this is "the beginning and the end of the federal habeas
5  courts' inquiry into whether [the prisoner] received due process." Swarthout, 2011 WL 197627.
6  "The Constitution does not require more [process]." Greenholtz, 442 U.S. at 16. Therefore, the
7  instant petition does not present cognizable claims for relief and should be summarily dismissed.

## RECOMMENDATION

9      For the foregoing reasons, the Court HEREBY RECOMMENDS that Respondent's motion
10 to dismiss (Doc. 12), be GRANTED and that the instant petition for writ of habeas corpus (Doc. 1),
11 be SUMMARILY DISMISSED for failure to state a claim upon which federal habeas relief can be
12 granted.
13     This Findings and Recommendation is submitted to the United States District Court Judge
14 assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of
15 the Local Rules of Practice for the United States District Court, Eastern District of California.
16 Within twenty (20) days after being served with a copy, any party may file written objections with
17 the court and serve a copy on all parties. Such a document should be captioned "Objections to
18 Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and
19 filed within ten (10) court days (plus three days if served by mail) after service of the objections.
20 The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The
21 parties are advised that failure to file objections within the specified time may waive the right to
22 appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

24 IT IS SO ORDERED.
25 Dated:  **March 29, 2011**          /s/ Jennifer L. Thurston
                                                      UNITED STATES MAGISTRATE JUDGE